IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MAYFONK, INC.

    Plaintiff,

v.

NIKE, INC.

    Defendant.

CIVIL ACTION NO. _____

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Mayfonk, Inc. ("Mayfonk"), by and through its undersigned counsel, files this complaint and Jury Demand against Nike, Inc. ("Defendant"), and in support alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code to prevent and enjoin Defendant from infringement and profiting, in an illegal and unauthorized manner and without authorization and/or consent from Mayfonk, from United States Patent No. 8,253,586 (hereinafter, "the '586 Patent") (attached hereto as Exhibit A), pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

### THE PARTIES

2. Plaintiff Mayfonk is a Florida corporation with its principal place of business in Plantation, Florida.

3. Defendant Nike, Inc. is a Delaware corporation with a principal place of business at One Bowerman Drive, Beaverton, OR 97005. Defendant can be served via its registered agent, NRAI Services, Inc., 515 E. Park Avenue, Tallahassee, FL 32301.

## JURISDICTION AND VENUE

4. This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant conducts substantial business in this judicial district and regularly solicits business from, does business with, and derives revenue from goods and services provided to customers in this district, and has committed acts of patent infringement in this judicial district, which acts are continuing. Because Defendant has committed acts of patent infringement in this judicial district and/or is otherwise present and doing business in this judicial district, this Court has personal jurisdiction over Defendant.

7. Venue lies in this District under 28 U.S.C. §§ 1391 and 1400(b) because Defendant is subject to personal jurisdiction in this District, and has committed and continues to commit acts of patent infringement in this District and because Defendant provides services and/or products in this District, does business in this District, and otherwise has at least minimal contacts here.

## FACTUAL ALLEGATIONS

8. On August 28, 2012, the United States Patent and Trademark Office duly and legally issued the '586 Patent, entitled "Athletic-Wear Having Integral Measuring Sensors," after a full and fair examination.

9. Mayfonk is the owner by assignment of the '586 Patent, having received all right, title, and interest in and to the '586 Patent from the previous assignee of record. Mayfonk possess all rights of recovery under the '586 Patent, including the exclusive right to recover for past infringement.

10. The '586 Patent is valid and enforceable.

11. Between July 2008 and September 2010 engineers and business personnel from Nike met with Martin Matak, one of the named inventors listed on the face of the '586 Patent, at least five times to discuss the invention disclosed in the '586 Patent. Intrigued by what they saw, the Nike team signed at least two non-disclosure agreements in exchange for learning more about Mr. Matak's novel technology. During his meetings with Nike, Mr. Matak demonstrated a working model of one embodiment of his patent-pending invention and disclosed technical details to Nike's Tech Lab and Nike Basketball personnel. In November 2010, Nike abruptly ceased all communication with Mr. Matak.

12. In February 2012 Nike introduced at the Nike Innovation Summit in New York technology using Mr. Matak's invention to measure an athlete's vertical jump height (hereinafter, "Nike + Basketball"). In June 2012, during the NBA Finals, Nike launched its Hyperdunk+ basketball shoe and in August 2012 Nike launched the Lebron X+ basketball shoe which both use Nike + Basketball technology incorporating Mr. Matak's invention to measure the shoe wearer's vertical jump height.

### COUNT I: DIRECT INFRINGEMENT OF THE '586 PATENT BY NIKE

13. Mayfonk realleges and incorporates by reference the allegations set forth in paragraphs 1-12.

14. In violation of 35 U.S.C. § 271(a), Defendant has been and still is infringing one or more claims of the '586 Patent, including at least Claim 12, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing, without license or authority, articles of clothing that incorporate Nike + Basketball technology, including but not

limited to the Nike Hyperdunk+ and Lebron X+ basketball shoes, which perform a method for sensing and measuring athletic performance data.

15. Mayfonk is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which by law, cannot be less than a reasonable royalty, together with interest and cost as fixed by this Court under 35 U.S.C. § 284.

16. Defendant's infringement of Mayfonk's rights under the '586 Patent will continue to damage Mayfonk, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

17. Defendant's infringement of Mayfonk's rights under the '586 Patent has been willful.

### DEMAND FOR JURY TRIAL

18. Mayfonk demands a trial by jury of any and all causes of action.

### PRAYER FOR RELIEF

WHEREFORE, Mayfonk prays for the following relief:

A. That Defendant be adjudged to have infringed the '586 Patent directly, literally and/or under the doctrine of equivalents;

B. That Defendants, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those person in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '586 Patent pursuant to 35 U.S.C. § 283;

C. An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Mayfonk for Defendant's past infringement and any continuing or future infringement up to the date that

Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

D. A trebling of the damages pursuant to 35 U.S.C. § 284 as a result of Defendant's willful infringement;

E. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of interests and costs, in accordance with 35 U.S.C. § 285; and

F. That Mayfonk have such other and further relief as this Court may deem just and proper.

Dated this 2nd day of April, 2013

Respectfully submitted,

By: _____
Gary M. Bagliebter
SHUTTS & BOWEN LLP
200 East Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33301
Telephone: 954.524-5505
Facsimile: 954.888.3061
FBN: 346977
Email: GBagliebter@shutts.com
*Attorneys for Plaintiff, Mayfonk, Inc.*